IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARVIN JUSTICE, TOVE TARPGAARD,
SCOTT DEAVILLA and AMAL SHAH,
on behalf of themselves and
all others similarly situated

        Plaintiffs,

    v.                                   Civil No.: 11 cv 07519 (JPO)
                                                   ECF Case

CVS CAREMARK CORPORATION
Suite 800
211 Commerce Street
Nashville, TN 27201

        Defendant.

## COMPLAINT

Plaintiffs, by their undersigned attorneys, as and for their Complaint against Defendant CVS Caremark Corporation ("CVS"), allege as follows:

## NATURE OF ACTION

1.    This civil action is brought by the above-named individual plaintiffs who seek redress on behalf of themselves and all others similarly situated for the Defendant's violations of their rights under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq*. This action is brought as a nationwide collective action pursuant to 29 U.S.C. §216(b) alleging violations of the Fair Labor Standards Act.

2.    Plaintiffs were employed by Defendant as "territory sales executives" with the responsibility of encouraging health-care providers to recommend that their patients fill their prescriptions at two specialty pharmacies owned and managed by Defendant.

3. Plaintiffs were not paid overtime for hours worked in excess of forty hours in a given workweek, in violation of the Fair Labor Standards Act ("FLSA").

## JURISDICTION AND VENUE

4. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, this case arising under the laws of the United States, 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because at least one of the named Plaintiffs performed all work requiring remuneration in the State of New York and Defendant is subject to personal jurisdiction in the State of New York because it regularly does business within the State of New York.

## PARTIES

6. Plaintiff Marvin Justice ("Justice") is an individual residing in Berlin, Maryland, who was employed by Defendant within the last three years and who performed all non-exempt services requiring remuneration in the states of New Jersey, Pennsylvania, Maryland, Delaware, Virginia, and West Virginia.

7. Plaintiff Tove Tarpgaard ("Tarpgaard") is an individual residing in Northvale, New Jersey, who was employed by Defendant within the last three years and who performed all non-exempt services requiring remuneration in the state of New York.

8. Plaintiff Scott DeAvilla ("DeAvilla") is an individual residing in O'Fallon, Missouri, who was employed by Defendant within the last three years and who performed all non-exempt services requiring remuneration in the states of Missouri, Iowa, Nebraska, Kansas, North Dakota, South Dakota, Colorado, and Utah.

9.     Plaintiff Amal Shah ("Shah") is an individual residing in Plano, Texas who was employed by Defendant within the last three years and who performed all non-exempt services requiring enumeration in the states of Texas, Oklahoma, Kansas, Nebraska, North Dakota, South Dakota, Missouri, Arkansas, and Louisiana.

10.    The similarly situated individuals whom Plaintiffs seek to represent comprise a class of employees to whom Defendant knowingly and willfully failed to pay wages in accordance with applicable federal laws and who were improperly classified as exempt from the overtime requirements of the FLSA  This Class is defined as,

> All persons who worked for Defendant as territory sales executives, or performed the same job duties as territory sales executives whatever their title, within the three years preceding the filing of this complaint who were not paid overtime wages for all hours worked in excess of 40 in any individual work week.

11.    Upon information and belief, at all times hereinafter mentioned, Defendant CVS was and still is a corporation incorporated in Delaware with an office located at 211 Commerce Street, Nashville, Tennessee 27201.  Defendant regularly does business in the State of New York.  Defendant operates two specialty pharmacies, known as CVS Caremark ("Caremark") and CarePlus Specialty Pharmacy ("CarePlus").

## NATURE OF ACTION

12.    This lawsuit arises out of Defendant's consistent practice of knowingly and willfully denying employees overtime pay for all hours worked in excess of forty hours each workweek.

13.    Pursuant to the FLSA, Plaintiffs allege that they and those similarly situated are (i) entitled to unpaid overtime wages from Defendant for their work

3

performed in excess of forty hours each workweek; (ii) entitled to liquidated damages; and (iii) entitled to have all costs of this action, including legal fees, paid by Defendant.

## GENERAL ALLEGATIONS

14. At all times relevant, Justice was a non-exempt employee of Defendant, as defined in the FLSA.

15. At all times relevant, Tarpgaard was a non-exempt employee of Defendant, as defined in the FLSA.

16. At all times relevant, DeAvilla was a non-exempt employee of Defendant, as defined in the FLSA.

17. At all times relevant, Shah was a non-exempt employee of Defendant, as defined in the FLSA.

18. At all times relevant, the putative class which Plaintiffs seek to represent were non-exempt employees of Defendant, as defined in the FLSA.

19. At all times relevant, Defendant was an employer, as defined in the FLSA.

20. Defendant is engaged in the business of purchasing medication to use in filling prescriptions issued by licensed health-care providers to patients and its business was engaged in interstate commerce as that term is used in the FLSA.  Caremark and CarePlus, the specialty pharmacies operated by CVS, are mainly used to fill more complex prescriptions that could not be as easily filled at a neighborhood pharmacy. Caremark operates as an internet and mail order pharmacy and CarePlus has approximately 31 physical locations in the United States.

21. During the Name Plaintiffs' employment with Defendant, they were employed as territory sales executives, with the primary duty of encouraging health-care

providers to refer patients to Caremark and CarePlus and to send prescriptions from their offices to Caremark and Careplus.

22. At no time did Plaintiffs sell anything to health care providers, have interactions with patients related to their job duties, or obtain binding commitments from health-care providers that they would direct patients to Caremark or CarePlus.

23. Defendant controlled significant aspects of the Plaintiffs' jobs, including, but not limited to, dictating the number of appointments territory sales executives were to have each week, dictating the number of evening appointments that territory sales executives were to make, dictating what reports had to be submitted by territory sales executives, dictating when territory sales executives had to be available for calls with their supervisors, and dictating which medications Plaintiffs and the putative class members were to discuss with health care providers.

24. At all times relevant, Defendant was engaged in interstate commerce.

25. At all times relevant, Plaintiffs, in their capacity as employees of Defendant, were engaged in interstate commerce.

26. Plaintiffs, and all persons similarly situated to Plaintiffs were, during the course of their employment with Defendant, engaged in interstate commerce.

27. Defendant employed Plaintiff Justice within the last three years as a territory sales executive.

28. Defendant employed Plaintiff Tarpgaard within the last three years as a territory sales executive.

29. Defendant employed Plaintiff DeAvilla within the last three years as a territory sales executive.

30. Defendant employed Plaintiff Shah within the last three years as a territory sales executive.

31. During the course of Plaintiffs' employment with Defendant, Plaintiffs were routinely required to work in excess of forty hours per week, yet were not paid overtime for hours worked in excess of 40 hours a week.

32. Upon information and belief, Defendant has a nationwide policy of failing to pay territory sales executives overtime wages.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiffs reassert and re-allege the allegations set forth in each of the paragraphs above.

34. Plaintiffs seek to maintain this suit as a collective action pursuant to 29 U.S.C §216(b) on behalf of themselves and the following class of persons: All persons who worked for Defendant as territory sales executives, or performed the same job duties as territory sales executives whatever their title, within the three years preceding the filing of this complaint, who were not paid overtime wages for all hours worked in excess of 40 in any individual work week (the "FLSA Class").

35. Plaintiffs and other members of the FLSA Class are similarly situated because, *inter alia,* they have all had similar duties; performed similar tasks; been entitled under the FLSA to be paid minimum wages and overtime wages; been subjected to similar pay plans; been required to work and have worked in excess of 40 hours per week; and have not been paid at a rate of 1.5 times their respective regular rates of pay for all overtime hours worked.

36. Defendant have encouraged, permitted, and required Plaintiffs and other members of the FLSA Class to work more 40 hours per week without overtime compensation.

37. Defendant has known that Plaintiffs and other members of the FLSA Class have performed work that has required overtime compensation. Nonetheless, Defendant has operated under a scheme to deprive Plaintiffs and other members of the FLSA Class of overtime compensation by failing to properly compensate them for all time worked.

38. Defendant required Plaintiffs and other members of the FLSA Class to see a certain number of health care providers and pharmaceutical company representatives each day and night and to report on the results of those visits.

39. Defendant knew or should have known that Plaintiffs and other members of the FLSA Class would be required to work more than 40 hours in a work-week to perform the job duties required to be performed by Defendant.

40. Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiffs and other members of the FLSA Class.

## COUNT I
### (FAILURE TO PAY OVERTIME UNDER THE FLSA)

41. Plaintiffs allege and incorporate by reference all the above allegations.

42. Under the FLSA, Plaintiffs were entitled to be paid at the overtime rate by Defendant for each hour worked in excess of forty hours each workweek.

43. Defendant did not pay Plaintiffs at the overtime rate for each hour worked in excess of forty hours each workweek.

44. By failing to pay Plaintiffs at the overtime rate for each hour worked in excess of forty hours each workweek, Defendant violated the FLSA.

45. Defendant's violation of the FLSA for failure to pay its employees at the overtime rate for each hour worked in excess of forty each workweek was willful.

46. Upon information and belief, Defendant's practice of not paying overtime wages was not approved in writing by the United States Department of Labor.

47. Upon information and belief, Defendant's practices of not paying overtime was not based upon Defendant's review of any policy or publication of the United States Department of Labor.

48. Due to Defendant's violation of the FLSA, Plaintiffs are entitled to recover from Defendant their unpaid compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. § 216(b).

49. All those current or former employees of Defendant similarly situated to Plaintiffs are entitled to the same relief that Plaintiffs seek under the FLSA.

## PRAYER FOR RELIEF

Wherefore, plaintiffs respectfully request that this Court grant the following relief:

1. Enter an order declaring that Defendant willfully violated the minimum wage and overtime provisions of the FLSA;

2. Award Plaintiffs and those similarly situated unpaid overtime compensation due under the FLSA;

3. Award Plaintiffs liquidated damages equal to Plaintiffs' unpaid overtime compensation under the FLSA;

4. Award Plaintiffs prejudgment interest;

5. Award Plaintiffs post-judgment interest;

6. Award Plaintiffs reasonable attorneys' fees as well as the costs of this action;

7. Award all similarly situated employees who opt into this action, the same relief that Plaintiffs are awarded under the FLSA; and

8. Award such other and further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all issues raised by the Complaint.

Respectfully submitted,

 /s/ Harold M. Walter_____
Harold M. Walter
William S. Heyman (*pro hac vice* to be filed)
Ken C. Gauvey (*pro hac vice* to be filed)
Offit Kurman, P.A.
8171 Maple Lawn Blvd, Suite 200
Maple Lawn, MD  20759
(443) 738-1548 (phone)
(443) 738-1535 (facsimile)
hwalter@offitkurman.com
wheyman@offitkurman.com
kgauvey@offitkurman.com